UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LINDSEY M., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )    No. 2:23-cv-00277-JAW |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       Defendant | ) |

## REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) erred in finding her carpal tunnel syndrome (CTS) nonsevere and failing to assess any manipulative limitations based on CTS, inflammatory arthritis, and/or spinal stenosis. *See* Plaintiff's Brief (ECF No. 11) at 6-16. I discern no error and recommend that the Court affirm the Commissioner's decision.

### I.  Background

The ALJ found, in relevant part, that the Plaintiff had the severe impairments of spinal stenosis, inflammatory arthritis, obesity, sacroiliitis, post-traumatic stress disorder, anxiety, eating disorder, attention deficit hyperactivity disorder, and major depressive disorder, *see* Record at 21-22; retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that she could stand or walk for four hours per day; could frequently balance and occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs but could not

1

climb ladders, ropes, or scaffolds; needed to avoid concentrated exposure to hazards, extreme cold temperatures, and atmospheric conditions; could perform simple tasks in a normal work schedule and interact appropriately with coworkers and supervisors but not with the public; and could adapt to normal changes in a routine of non-public simple tasks, *see id.* at 25; was capable, given her age, education, work experience, and RFC, of performing jobs existing in significant numbers in the national economy, *see id.* at 34; and therefore had not been disabled from January 1, 2017, her alleged onset date of disability, through the date of the decision, August 25, 2022, *see id.* at 35. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive

when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

The Plaintiff seeks remand on the basis that substantial evidence supported a finding of severe CTS and the inclusion of manipulative limitations. *See* Plaintiff's Brief at 13, 16. In support of this contention, she points to (1) the results of an August 2018 EMG study, (2) the attribution by treating physicians Saskia Cooper, M.D., and Douglas Buxton, M.D., and agency examining consultant Arthur Scott, M.D., of at least some of her upper extremity symptoms to CTS, and (3) the findings by agency nonexamining consultant Elaine Hom, M.D., on reconsideration that she had both a severe CTS impairment and a limitation to only occasional handling bilaterally due to chronic pain. *See* Plaintiff's Brief at 13-14; Record at 127, 131 (Hom findings).

The problem with the Plaintiff's argument is that it turns the standard of review on its head. The question is not whether the evidence of record might have supported a different conclusion but rather whether the ALJ's findings were supported by substantial evidence. *See Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("[T]he resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [the Commissioner], not for the doctors or the courts."); *Justin P. v. O'Malley*, No. 2:23-cv-00053-LEW, 2024 WL 413351, at *2 (D. Me. Feb. 5, 2024) (rec. dec.) ("[The claimant's] disagreement with the ALJ's weighing of the evidence is not cause for remand. As this Court has stated over and over again, the mere fact that a claimant can point to

evidence of record supporting a different conclusion does not, in itself, warrant remand." (cleaned up)), *aff'd*, 2024 WL 1281554 (D. Me. Mar. 26, 2024).

Here, the ALJ's conclusion that the Plaintiff's CTS was nonsevere and that she did not have any manipulative limitations was supported by both the opinion of agency nonexamining consultant Edward Ringel, M.D., *see* Record at 31, 103-04, 106, and the August 2018 EMG study, which "was suspicious for a mild median neuropathy at the wrist consistent with mild carpal tunnel syndrome," *id*. at 22. That constitutes substantial evidence in support of the ALJ's conclusions, and the Plaintiff's citations to other evidence that might have supported different conclusions amount to an unavailing invitation to reweigh the evidence.

At oral argument, the Plaintiff attempted to undermine Dr. Ringel's opinion by suggesting that he lacked the benefit of review of certain records that should have been available at the time of his assessment. But the Plaintiff acknowledged that she was merely speculating based on Dr. Ringel's failure to comment explicitly on those records. I do not find the Plaintiff's speculation sufficient to rebut the presumption that Dr. Ringel reviewed all the then-available evidence when rendering his opinion. *See Pierce v. Astrue*, No. 1:10-cv-242-JAW, 2011 WL 2678919, at *4 (D. Me. July 7, 2011) (rec. dec.) ("[A] nonexamining consultant should be presumed to have reviewed all the then-available file evidence absent an indication otherwise."), *aff'd*, 2011 WL 32705251 (D. Me. July 29, 2011).

The Plaintiff also asserts that the ALJ erred in discounting Dr. Hom's findings regarding CTS and manipulative limitations without mentioning a mild decrease in

4

right-hand grip strength noted by Dr. Scott. *See* Plaintiff's Brief at 14; Record at 1650. But the ALJ did not ignore that finding: he noted earlier in his decision that Dr. Scott had observed that the Plaintiff's "hand grip strength was mildly weak on the right (4/5)" but that "[s]he was able to pick up a coin satisfactorily with each hand from a flat surface." Record at 28; *see Christopher B. v. Berryhill*, No. 2:17-cv-00502-JAW, 2018 WL 5786210, at *3 n.2 (D. Me. Nov. 4, 2018) (rec. dec.) ("[I]t is proper to read the ALJ's decision as a whole, and it would be a needless formality to have the ALJ repeat substantially similar factual analyses." (cleaned up)), *aff'd*, 2019 WL 97019 (D. Me. Jan. 3, 2019).

Finally, the Plaintiff argues that the ALJ must have necessarily construed raw medical evidence in concluding that her CTS was nonsevere and that she had no manipulative limitations because the ALJ selectively accepted and rejected portions of Dr. Ringel's and Dr. Hom's opinions. This argument founders because this Court has consistently "held that an ALJ may not only pick and choose among different experts' opinions but also adopt only a portion of an expert's opinion." *Chantal E. v. Kijakazi*, No. 2:22-cv-00126-NT, 2023 WL 5123730, at *2 (D. Me. Aug. 10, 2023) (cleaned up). That is what the ALJ did here, and to the extent that the Plaintiff criticizes the ALJ's handling of other impairments and limitations in an effort to show that he should have found her CTS severe and assessed manipulative limitations, that effort fails because it does not change the fact that the ALJ's conclusions on these issues were supported by substantial evidence.

5

## IV.  Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be ***AFFIRMED***.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: June 6, 2024

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge

6